Mr. Presiding Justice Baker delivered the opinion of the court.

## Abstract of the Decision.

Disorderly conduct, § 1*—*when evidence sufficient to sustain conviction.* On complaint filed in the Municipal Court charging defendant with disorderly conduct, a conviction *held* sutained by the evidence.

---

Anna Farrell, Defendant in Error, v. William J. Farrell et al., Plaintiffs in Error.

### Gen. No. 19,154.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. John K. Prindeville, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded. Opinion filed May 4, 1914.

### Statement of the Case.

Action by Anna Farrell against William J. Farrell, Mrs. Mary Farrell, Miss Mary Farrell and Annie Gallagher in replevin to recover possession of certain furniture. The bailiff was unable to obtain possession of the goods, and thereafter the defendants entered their appearance and the court gave leave to plaintiff to file a statement of claim in trover. No such statement was filed, but the parties treated the action as one of trover. The jury found defendants guilty and assessed plaintiff's damages at three hundred and fifty dollars. To reverse a judgment entered on the verdict, defendants prosecute error.

Fred A. Rathje and Charles E. Loy, for plaintiffs in error.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

LITZINGER, McGURN & REID, for defendant in error; LEONARD C. REID, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 26*—*sufficiency of transcript.* Statements in transcript of the record made by the clerk of the Municipal Court *held* conflicting and attention called thereto that greater care may be observed by the clerk of that court. The transcript states that "On the 2nd day of November, A. D. 1912, a certain affidavit for replevin was filed * * * in words and figures following, to wit." Then follows an affidavit purporting to have been sworn to November 18, 1912, before one of plaintiff's attorneys. The transcript then states that "On the 8th day of November, 1912, a certain replevin writ was issued out of the office of the clerk of said Court." Then follows a replevin writ dated the 2nd day of November, 1912, on which a return of the bailiff is indorsed, stating that the writ was received November 2, read to one of the defendants November 4 and returned November 8, 1912.

2. TROVER AND CONVERSION, § 39*—*when evidence insufficient to sustain judgment against joint defendants.* In an action of trover against several defendants to recover for certain furniture, *held* that a judgment against the defendants was erroneous as to one of the defendants and must be reversed as to all, there being no evidence to show that such defendant had possession of any of the furniture in question at the time the demand was made or at any other time, nor that she ever claimed to be entitled to possession of or to have any right in the property.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.